UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11132-GAO

E8 PHARMACEUTICALS, LLC and
MASSACHUSETTS INSTITUTE OF TECHNOLOGY,
Plaintiffs,

v.

AFFYMETRIX, INC. and NAVIGENICS, INC.,
Defendants.

ORDER ON BILL OF COSTS
September 30, 2014

O'TOOLE, D.J.

## I. Introduction

Defendant Affymetrix, Inc. has filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d)(1). The plaintiffs, E8 Pharmaceuticals, LLC and Massachusetts Institute of Technology, object.

The award of costs is governed by 28 U.S.C. § 1920, which provides that the following may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services. "The decision of a court to award costs must be carefully tailored to the statute devoted to the taxation of costs." Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990) (citing 28 U.S.C. § 1920). Although the Court has considerable discretion in

awarding costs, such "discretion is limited to awarding costs that are within the scope of 28 U.S.C. § 1920." Summit Tech., Inc. v. Nidek Co., Ltd., 435 F.3d 1371, 1374 (Fed. Cir. 2006).

## II. Discussion

Affymetrix seeks taxation of the following costs:

Deposition Costs: $65,727.12 (Ex. A)
Costs of Exemplification and Reproduction of Materials: $130,108.68
    Documents Requested by Plaintiffs: $7,375.53 (Ex. B)
    Internal Copies of Documents/Exhibits/Pleadings: $16,564.40 (Ex. C)
    Visual Aids for Markman Hearing: $106,168.75 (Ex. D)
**Total: $195,835.80**

### A. Depositions

A party seeking taxation of costs under Section 1920(2) must include supporting documentation to enable the court to assess whether the expenses were "necessarily obtained for use in the case." Summit Tech., 435 F.3d at 1381. In its Bill of Costs, Affymetrix included supporting documentation for only 9 of the 23 depositions for which costs are sought. Although it later provided the underlying invoices for the remaining 14 depositions, representing to the Court that it "inadvertently did not include the invoices," this gesture is too little, too late. Because of Affymetrix's oversight, the plaintiffs were compelled to engage in another round of briefing to respond to the late disclosed documentation. The Court declines to consider these invoices filed thirty-eight days after the filing of the Bill of Costs. The costs associated with these 14 depositions – totaling $15,475.42 – are disallowed.

In addition to fees for deposition transcripts, Affymetrix seeks costs for extra services like expedited transcripts, realtime transmission, ASCII transcripts, and video services, among others. Such extra costs are not within the narrow scope of Section 1920(2) under prevailing authority. See, e.g., Bucksar v. Mayo, 2013 WL 1320445, at *1 (D. Mass. Mar. 28, 2013); see also Taxation of Costs (2000) at 3, http://www.mad.uscourts.gov/resources/pdf/taxation.pdf

("Taxation of Costs"). Only the costs of the transcripts, courier charges, and attendance fees will be allowed, totaling $14,981.85.

B.     Documents Requested by Plaintiffs

The plaintiffs do not challenge the cost of exemplification and reproduction of materials requested by the plaintiffs, as documented in the SF Legal invoices (Bill of Costs, Ex. B (dkt. no. 238-3)) and totaling $7,375.53. These costs will be awarded.

C.     Internal Copies

Affymetrix has provided a list of 326 sets of copies made by its law firm in connection with this litigation. Each entry includes the date, number of pages, the person making the copies, and the total charge. The plaintiffs challenge these costs, arguing that they do not provide enough detail for the Court to evaluate which copies were "necessarily obtained for use in the case" as required by Section 1920(4). The plaintiffs also contend that some of these copies appear to be duplicative of the costs covered by the SF Legal invoices.

The Federal Circuit in Summit Technology addressed this issue and acknowledged that "in complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation." 435 F.3d at 1378. In that case, the total figure for photocopy expenses was "reduced by 50 percent to account for non-necessary copies." Id. at 1379. The plaintiffs in this case seek the same reduction, although they argue that the copying costs must be reduced by 50 percent to account for duplicative copies and then again by 50 percent to account for non-necessary copies. I agree with Affymetrix here; only one reduction of 50 percent is necessary.

Therefore, 50 percent of the copying costs sought by Affymetrix will be awarded. However, there were errors[1] of calculation in several of the entries in Exhibit C. The true amount sought is $16,626.39, and only 50 percent of that, or $8,313.20, will be awarded.

D.     Visual Aids for Markman Hearing

Affymetrix seeks to recover $106,168.75 in costs for the preparation of visual aids for the Markman hearing. These costs are not taxable under Section 1920(4) as exemplifications. See Taxation of Costs at 4 ("Exemplification is the making of an official and certified copy of a document or transcript that is used as evidence. Examples of items that may be exemplified include docket sheets, complaints, medical reports, police reports, weather reports, land records, and criminal records."). Here, Affymetrix seeks taxation of the fees paid to various professionals for their services, which is not within the scope of Section 1920(4), even under a broad reading. See Summit Tech., 435 F.3d at 1377 n.5. These costs will not be awarded.

**III.    Conclusion**

For the reasons stated above, costs will be awarded as follows:

$14,981.85 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and

$15,688.73 in fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

For an award of costs totaling $30,670.58.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] Entry 1: 28 pages at 10 cents per page is $2.80, not $5.60.
Entry 2: 316 pages at 10 cents per page is $31.60, not $63.20.
Entry 186: 20 pages at 10 cents per page is $2.00, not $0.20.
Entry 258: 30 pages at 10 cents per page is $3.00, not $0.30.
Entry 278: 2737 pages at 10 cents per page is $273.70, not $237.70.
Entry 319: 620 pages at 10 cents per page is $62.00, not $6.20.